IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DERVIN MANUEL GONZÁLEZ SUÁREZ,

    Petitioner,

v.                                                      Civil Action No. 3:26cv98

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT (ICE),

    Respondent.

## MEMORANDUM OPINION

The Court has received a "Emergency Humanitarian Bond Motion" filed on behalf of Petitioner, challenging his immigration detention (the "Motion"). (ECF No. 1.) An individual named Erika Villanueva Cano, who is Petitioner's long-term partner and lives in Maryland, filed the Motion for Petitioner, purportedly as a "next friend." Petitioner did not sign any of the submissions.

"[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a *Bivens* complaint. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). Given the content of this document, it is appropriate to give Petitioner the opportunity to pursue this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Rivenbark v. Virginia*, 305 F. App'x 144, 145 (4th Cir. 2008)).

Rule 2(c)(5) of the Rules Governing §2254 Cases requires that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5).[1] The Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004 Amend. "[A] next friend does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (some internal quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) the "next friend" must also establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has "a significant relationship with the real party in interest." *Id.* at 603–04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163-64). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 603 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 164).

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

2

Ms. Cano does not show that she qualifies as "next friend" and, therefore, the Motion fails to comply with Rule 2(c)(5). Ms. Cano fails to provide any explanation as to why Petitioner cannot appear and prosecute the action. The simple fact that Petitioner is detained is not sufficient to show that Petitioner cannot appear on his own behalf to prosecute the action. *Hamdi*, 294 F.3d at 603–04 (requiring showing of "inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action"); *cf. Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. 2007) (finding "blanket assertion" that petitioner was her husband and was incarcerated insufficient to show that petitioner could not initiate the petition from prison and that she was next friend).[2] Moreover, Ms. Cano clearly filed the Motion on Petitioner's behalf and there is no evidence that Petitioner even has seen or approved of the contents. That is not permissible.[3] Accordingly, the Court will not recognize any filings made by Ms. Cano. Petitioner must sign his submissions to this Court under penalty of perjury.

Accordingly, the Motion, (ECF No. 1), will be DENIED WITHOUT PREJUDICE, and the action will be DISMISSED.

Nevertheless, in order to expedite any further § 2241 petition filed by Petitioner himself, the Clerk is DIRECTED to mail a copy of this Memorandum Order and a standardized form for

---

[2] Indeed, the Court has received *pro se* § 2241 petitions filed by detainees in the Farmville Detention Center.

[3] Additionally, it does not appear that Ms. Cano is an attorney, and therefore, she may not litigate this matter for Petitioner. Parties may plead and conduct their own cases *personally* or *by counsel* in all courts of the United States. *See* 28 U.S.C. § 1654. Individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745–46 (Va. 2006).

filing a § 2241 petition to Petitioner at the Farmville Detention Center.[4] If Petitioner wishes to pursue a § 2241 petition, he should complete and return the form to the Court. Petitioner must sign the form himself. Any § 2241 petition will be opened as a new civil action.

An appropriate Order shall issue.

Date: 2/12/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

---

[4] The Court should mail this Memorandum Order and a standardized § 2241 petition form to Petitioner at the Farmville Detention Center with the "A" number, "246-874-501." (*See* ECF No. 1-1, at 1.)

4